### In re THOMAS, Justice of the Peace.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

JUSTICES OF THE PEACE—MALFEASANCE—REFUSAL TO ADMIT TO BAIL.

Under Laws N. Y. 1847, c. 280, providing for removal of a justice of the peace for malfeasance or corruption in office, denial of bail upon an arrest for using a steam-dredge in taking oysters from a planted bed, an offense which is a misdemeanor under Pen. Code, § 442, though extrajudicial and unauthorized, is not a ground for removal.

On application for removal of a justice of the peace.

Petition of John H. Vreeland for the removal of William H. Thomas, justice of the peace. The justice issued a warrant, January 6, 1888, for the arrest of Vreeland upon a charge of using a steam-dredge in taking oysters from a planted bed, in violation of Pen. Code, § 442, which makes it a misdemeanor to use a steam-dredge "for the purpose of catching or taking oysters or other shell-fish in the waters of this state." A warrant was also issued January 12th upon a similar charge. Vreeland was arrested; and, when brought before the justice, his application to be admitted to bail was denied, and the justice directed his commitment to jail for trial. This application was made to the general term under Laws 1847, c. 280, providing for removal of justices of the peace for malfeasance and corruption in office.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*Wm. J. Gaynor*, for petitioner.    *Mr. Armstrong*, for respondent.

BARNARD, P. J. In order to justify the removal, by the general term, of a justice of the peace, as provided by chapter 280 of the Laws of 1847, there must exist, in the act or acts complained of, and which are sought to be made the basis of the said removal, clear, palpable, and apparent malfeasance in office, or corruption, either apparent on the face of the transaction or easily inferred therefrom. Mistakes honestly made, and arising from ignorance as to what the proper steps may be in the course of a given judicial proceeding, either civil or criminal, although they, the said mistakes, may, under certain circumstances, furnish grounds for a civil action against the judicial officer so making them, can never, in the absence of affirmative proof of the corrupt motive or design prompting them, be made use of to effect the summary removal of a justice of the peace, or other judicial officer. The above conclusions are sustained and set forth in the case of *Yates* v. *Lansing*, 5 Johns. 282, affirmed, 9 Johns. 395. In the case under consideration, the justice, William H. Thomas, was fully justified in issuing the warrant of the 6th of January, 1888, for the arrest of Vreeland for the violation of section 442 of the Penal Code, relating to the dredging of oysters. He was also fully justified, under the language of the said section above referred to, in issuing the second warrant on the 12th day of January, 1888, for the arrest of said Vreeland. When the prisoner appeared before the justice on the 16th day of January, 1888, he was entitled, as a matter of right, to be admitted to bail under section 553 of the Code of Criminal Procedure; and his commitment by the said justice until the day of trial was *coram non judice*,—an unauthorized and extrajudicial act in the case of a person charged with a misdemeanor, but not an act of such a nature as to sustain an application to this court for a summary removal, or order of reference in the premises. There is no case, therefore, made out calling for the justice to answer. Therefore the proceedings are dismissed.

PRATT and DYKMAN, JJ., concurring.